**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LEAH NINA WRIGHT,

       Plaintiff,

v.                                      No. 2:25-cv-366-JHR-KRS

FELHER TRANSPORTATION, INC.,
and FERNANDO MATA,

       Defendants.

## ORDER GRANTING OPPOSED MOTION FOR LEAVE TO FILE LATE RESPNSE BRIEF

       This matter is before the Court on Plaintiff's Opposed Motion For Leave To File Response Brief Out of Time (Doc. 40). Pursuant to the Court's order regarding an abbreviated briefing schedule,[1] Defendants filed their response to the Motion on October 31, 2025 (Doc. 42), and Plaintiff filed her reply two days before the deadline on November 4, 2025 (Doc. 43). For the reasons that follow, the Motion is granted.

## Discussion

       Defendant Felher Transportation, Inc.'s Motion to Compel Discovery Response ("Motion to Compel") (Doc. 38) was filed on October 3, 2025. Pursuant to the Local Rules of this District, Plaintiff's response to the Motion to Compel was due by Friday, October 17, 2025. *See* D.N.M. LR-Civ. 7.4(a). No response was filed by October 17, but a week later, Plaintiff filed the present Motion requesting leave to file a late response to the Motion to Compel. Plaintiff's Motion states that her counsel was out of the country on October 3, 2025, when Defendant filed the Motion to Compel, and that, upon her return to office on October 5, 2025, the press of other matters prevented

---

[1] *See* (Doc. 41).

her from filing a timely response. The other matters cited in the Motion include expert preparation and depositions in two other cases; mediations in two other cases; in-office training for her firm from October 14 through 15; and several doctors' appointments for counsel's pregnancy. Defendants oppose Plaintiff's Motion, arguing that the parties had agreed on an extension for Defendants to file the Motion to Compel until October 3, 2025. Defendants emailed Plaintiff's counsel on October 3, 2025, prior to filing the Motion to Compel, about their intention of filing the motion, but received no response. According to Defendants, "[a]t no time did Plaintiff's counsel or her staff alert Defendants to her absence from the office or request an extension in which to respond to Defendants' Motion." (Doc. 42 at 2).

Defendants' arguments focus exclusively on the reasons given by Plaintiff for her late-filing, ignoring the other factors courts consider in applying the "excusable neglect" standard of Federal Rule of Civil Procedure 6(b), including prejudice to the opposing party, the length of delay, and the moving party's good faith. *See City of Chanute, Kan. v. Williams Nat. Gas Co.,* 31 F.3d 1041, 1046 (10th Cir. 1994) (applying *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380 (1993)). To be sure, "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *Id.* However, the Court acts within its discretion when it considers the "entire circumstances of the case" by "look[ing] to the other three *Pioneer* factors" as well. *Id.* (holding no abuse of discretion in the district court's finding of excusable neglect based on a mistake of procedural law that resulted in the filing of a notice of appeal 31 days after the deadline).

Here, Defendants make no argument of there being any prejudice to them by Plaintiff's one-week delay in presenting her response brief to the Court for late filing. Nor could they. As Plaintiff points out, "1) fact discovery does not close until January 2, 2026, 2) the parties' expert

reports are not due until after that date, 3) motions relating to discovery are not due until March 30, 2026, and most importantly, 4) there is no trial setting as of yet in this matter. Thus, it is impossible for defendants to show that they would be in any way prejudiced by the slight delay in filing Plaintiffs proposed Response (Doc. No. 40-1) to defendants' October 3rd Motion to Compel." (Doc. 43 at 3).

Referring to the Court's order for an abbreviated briefing schedule on the Motion, Defendants argue that Plaintiff's one-week delay in submitting her response brief "prompted the Court to interfere which has caused both sides to file additional briefing on the issue." (Doc. 42 at 5). But the Court's "interference," the additional briefing, and the further delay in resolving Defendants' Motion to Compel, could have been avoided if Defendants had agreed to the late filing. In other words, those things are directly attributable to Defendants' opposition to the one-week-late filing, not to the one-week delay itself.[2]

The one-week delay is a very short time under any circumstances, and it is especially short given the current deadlines and procedural posture of the case. Further, there has been no showing that Plaintiff acted in bad faith. Defendants appear to suggest otherwise by arguing the underlying merits of the discovery dispute. But the underlying merits are not before the Court on the present Motion. Moreover, Defendants ignore their own failures with regard to that dispute, namely, that they did not seek to confer in good faith after Plaintiff supplemented her discovery responses following the parties' good faith attempt to resolve their disputes over Plaintiff's original discovery responses.

---

[2] The Court is not suggesting that Defendants were wrong to oppose the Motion; they had the right to do so. The Court is only saying that Defendants must accept the consequences of their decision to oppose the Motion rather than blame Plaintiff for those consequences.

Defendants state that they told Plaintiff they would file a motion to compel if the supplementation was deemed unsatisfactory. But that forewarning did not necessarily relieve Defendants of the duty to confer a second time over the supplementation that was provided. Defendants cite the Local Rule deadline for filing a motion to compel as a potential obstacle to such further consultation. But Defendants could have easily asked Plaintiff to agree to a further extension of that deadline, to which the Court has little doubt Plaintiff would have agreed. Plaintiff also correctly notes that the Court previously informed the parties during the Rule 16 Scheduling Conference that if a discovery dispute arose in this matter, the parties had "the option of seeking an informal resolution that avoids the time and expense of briefing the issue and waiting for a written order from the Court." (Doc. 25). The Court is not pre-judging the arguments raised in Plaintiff's proposed response brief as to whether Defendants' failure to meet-and-confer following Plaintiffs' supplementation contravened the conferral requirements of Rule 37. But even if Defendants were not required by Rule 37 to meet-and-confer a second time, the Court considers the apparently undisputed circumstances surrounding that failure in determining whether Plaintiff acted in good faith and whether her counsel's reasons for failing to file a timely response to the Motion to Compel satisfy the excusable neglect standard.

Regarding Plaintiff's reasons for her neglect in failing to file a timely response, the Court disagrees with Defendants that inadvertence can never be considered excusable neglect. "'[E]xcusable neglect' ... is a somewhat 'elastic concept.' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *City of Chanute, Kan*., 31 F.3d at 1046 (quoting *Pioneer*). As the Supreme Court explained in *Pioneer*, "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness*.' Webster's Ninth New

Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. … Hence, … Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. at 388. The reasons Plaintiff gives for missing the deadline fall within the inadvertence or carelessness categories. The Court will not address the cases cited by Defendants other than to say that, either they involve a mere assertion of inadvertence or mistake without specification of sufficient underlying facts,[3] or else they "dealt with drastically different deadlines involving summary judgment motions (i.e. dispositive motions typically filed at the end of discovery and closer to trial) or post-judgment notices of appeal." (Doc. 43 at 3). "Whether neglect is excusable is at bottom an equitable one." *United States v. Torres,* 372 F.3d 1159, 1162 (10th Cir. 2004), but generally "require[s] a demonstration of good faith on the part of the party seeking an extension of time and some reasonable basis for noncompliance within the time specified in the rules," 4B Fed. Prac. & Proc. Civ. § 1165. The Court finds that Plaintiff has demonstrated that this standard is met here.

In the end, however, the Court need not rest its decision on a finding of excusable neglect, because the issue in this case involves a Local Rule deadline for filing a response brief. The Local Rules are not intended to be enforced in a manner that ignores the Tenth Circuit's oft-stated tenet that "our legal system strongly prefers to decide cases on their merits." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011). Indeed, the Local Rules themselves provide that they "may be waived by a Judge to avoid injustice." D.N.M. LR-Civ. 1.7. Thus, even if, as Defendants argue,

---

[3] *See* 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed.) ([T]he movant should allege the facts constituting excusable neglect and the mere assertion of excusable neglect unsupported by facts has been held to be insufficient") (citing *Quigley v. Rosenthal*, 427 F.3d 1232 (10th Cir. 2005) (failure to allege facts constituting excusable neglect)).

Plaintiff's reasons for missing the fourteen-day deadline for filing a response brief do not amount to excusable neglect under applicable case law interpreting that term, the issue here is whether to consider a response brief filed outside the time set forth in the Local Rules. And the Local Rules themselves provide that "[t]hese rules may be waived by a Judge to avoid injustice." *See T.H. v. Martinez*, No. 2:24-CV-00887-MIS-KRS, 2025 WL 2611919, at *3 (D.N.M. Sept. 10, 2025) (citing cases); *see also Garcia v. State Farm Mut. Auto. Ins. Co.,* No. 1:24-CV-1286 KK/KRS, 2025 WL 2966364, at *7 (D.N.M. Oct. 21, 2025) (waiving the twenty-one-day Local Rule deadline for the filing of a motion to compel "to avoid an injustice").

The Court agrees with Plaintiff that "[i]t would be unjust to deem defendants' Motion to Compel 'unopposed' under the Local Rule over a dispute of mere days, particularly given that the relief request in defendants' Motion to Compel is substantial." (Doc. 43 at 4 (citing *Lipe v. Albuquerque Pub. Sch*., No. 1:23-CV-00899-GBW-JMR, 2025 WL 1042775, at *2 (D.N.M. Mar. 28, 2025) ("Extensions of time to file a response to a motion—even substantial extensions—are commonplace in federal court. Even if APS miscalculated the deadline to file a response, it would be a drastic penalty to deem plaintiff's Motion to Compel unopposed over a dispute of just three days."), *objections overruled*, No. CV 23-899 GBW/JMR, 2025 WL 1043157 (D.N.M. Apr. 8, 2025)). The very short delay of a week in Plaintiff presenting her response for filing has had little to no effect on these proceedings, and imposing a default for that delay would be a windfall to Defendants. *See, e.g., Panis v. Mission Hills Bank, NA*., 60 F.3d 1486, 1494 (10th Cir. 1995) (finding that the district court did not abuse its discretion in permitting defendants to file their answers out-of-time and in denying the plaintiff's motion for default judgment against the defendant because the record demonstrated that the defendants' late filings were due to mistake, inadvertence or carelessness and not to bad faith on the defendants' part). In keeping with the

Tenth Circuit principle that decisions on the merits are strongly preferred, and "to avoid injustice," D.N.M. LR-Civ. 1.7, the Court waives the requirement in Local Rule 7.4 that a response brief be filed within fourteen days of a motion.

Accordingly, Plaintiff's Opposed Motion For Leave To File Response Brief Out of Time, **Doc. 40**, is **GRANTED**. Plaintiff shall immediately file her response brief (Doc. 40-1) separately on the docket. Defendants shall file their reply brief in support of their Motion to Compel on or before **November 20, 2025**.

**IT IS SO ORDERED, this 5th day of November, 2025.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE