IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEAH-NINA WRIGHT,

    Plaintiff,

v.                                                                    Case No.: 2-25-cv-366-JHR-KRS

FELHER TRANSPORTATION, INC.; and
FERNANDO MATA,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL

This matter is currently before the Court on Defendant Felher Transportation, Inc.'s Motion To Compel Discovery Responses ("Motion") (Doc. 38). The following summarizes the Court's oral ruling made at the hearing on the Motion held on May 13, 2026.

### Generally Applicable Rulings

1.    In the Court's opinion, the parties could have, and likely should have, had a more thorough discussion about the discovery issues before the Motion was filed. Nevertheless, the Court declines to deny the Motion on the basis of a failure to satisfy the meet-and-confer requirements of Rule 37(a) of the Federal Rules of Civil Procedure, and finds that requirement has been satisfied here.

2.    For many of her responses to Defendant's Interrogatories and Requests for Production ("RFP"), Plaintiff stated one or more objections and then provided a substantive response, which was preceding by the language "[s]ubject to and without waiving the foregoing objection[s]." The Court finds that qualifying a response with the phrase "subject to and without waiving the foregoing objections" leaves confusion over whether any relevant and responsive

information or documents have been withheld on the basis of Plaintiff's objections and violates Rule 34(b)(2)(C).[1] Accordingly, for every Interrogatory and RFP where Plaintiff objected and then went on to respond with certain information or documents, Plaintiff is ordered to supplement her response with a statement under oath indicating either (a) that no information or documents were withheld based on any of the previously asserted objections; or (b) that Plaintiff has not fully answered or has not produced all responsive documents because certain information or documents are being withheld based upon the objections.

3.    As to each discovery request for which no information or documents are withheld, as confirmed by Plaintiff in the supplemental response to be provided, the Court finds that Plaintiff's objections are moot, that the request seeks relevant information or documents, and that the request is proportional to the needs of the case.

4.    Similarly, if, for any of Defendant's discovery requests, Plaintiff is withholding information or documents because of an assertion of privilege, Plaintiff must identify those discovery requests and provide a privilege log.

5.    Many of Plaintiff's responses include boilerplate objections. "An objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request. For example, a boilerplate objection might state that a discovery request is 'irrelevant' or 'overly broad' without taking the next step to

---

[1] *See Smash Tech., LLC v. Smash Sols., LLC,* 335 F.R.D. 438, 442 (D. Utah 2020) ("It has become common practice for a Party to object …, and then state that 'notwithstanding the above,' the Party will respond to the discovery request, subject to or without waiving such objection. … [S]uch practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered.... 'Without waiving' and 'subject to' objections are cute and tricky but plainly violate the purpose of our Rules of Civil Procedure 'to secure just, speedy and inexpensive determination of every action.'"); *see also City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 5207098, at *23 (D.N.M. Nov. 9, 2021), *objections overruled*, No. CV 17-809 JCH/GBW, 2022 WL 704123 (D.N.M. Mar. 9, 2022).

explain why."[2] Boilerplate objections "violate the rule that '[t]he grounds for objecting' be 'stated with specificity' as to interrogatories and that objections to document requests be 'state[d] with specificity ... including the reasons.'"[3] The Court finds that all boilerplate objections in Plaintiff's responses are waived.[4]

6.      A number of Defendant's discovery requests seek information going back ten years. That look-back period pushes the limits of what would typically be considered reasonable. But because in one of her responses Plaintiff disclosed a relevant incident that occurred almost that long ago, the Court will overrule Plaintiff's overbroad objections to any ten-year period for which discovery is requested.

### Disputed Interrogatories

7.      **Interrogatory 4** seeks specific information about Plaintiff's alleged injury, which is set out in six separate subparts. Plaintiff made a number of boilerplate objections, and also objected that the Interrogatory seeks a narrative answer. The Court overrules Plaintiff's boilerplate objection, and grants the Motion as to Interrogatory 4.

8.      **Interrogatory 6** seeks information regarding different healthcare providers Plaintiff has seen over the last ten years, while **Interrogatory 7** seeks information about the prescription medicines Plaintiff has obtained from a pharmaceutical provider in the same time period. Plaintiff stated a number of boilerplate objections, and also asserted her right to privacy and physician-patient privilege. The Court finds that Plaintiff has waived the latter two objections

---

[2] *Smash Tech., LLC,* 335 F.R.D. at 441.

[3] *Id.* (citing FED. R. CIV. P. 33(b)(4); FED. R. CIV. P. 34(b)(2)(B)).

[4] *Id.* at 441-42 (stating that boilerplate objections preserve nothing" and in fact "often result[ ] in the opposite of preservation: waiver of objection").

by filing this lawsuit putting her health history at issue. The Court overrules Plaintiff's objections, and grants the Motion as to Interrogatories 6 and 7.

9.      **Interrogatory 8** seeks information regarding other incidents or accidents in which Plaintiff has been involved before the accident at issue in this lawsuit, while **Interrogatory 9** seeks the same information for other incidents or accidents in which Plaintiff has been involved after the accident at issue. Plaintiff makes a number of boilerplate objections, and also objects that the information is public and therefore equally available to Defendant. The Court overrules Plaintiff's objection based on the information being publicly available, and grants the Motion as to Interrogatories 8 and 9.

10.      **Interrogatory 10** seeks information about disability or other benefits Plaintiff has received. Plaintiff objects on the basis of the collateral source doctrine.[5] The objection is overruled. The collateral source doctrine goes to admissibility, not discoverability.[6] The Motion is granted as to Interrogatory 10.

11.      **Interrogatories 13, 18,** and **19** seek information related to the damages sought by Plaintiff in this lawsuit. The information sought by these Interrogatories is similar to information already required to be disclosed by Rule 26(a)(1). The Court acknowledges that Plaintiff has provided some information about her claimed damages in response to these Interrogatories— including the identification of categories of damages for which she seeks to recover, as well as computations of amounts in some the identified categories. The Court also acknowledges that

---

[5] "The collateral source rule states that '[p]ayments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable.'" *Heuskin v. D&E Transp., LLC,* No. CV 19-957 MV/GBW, 2020 WL 1450575, at *10 (D.N.M. Mar. 25, 2020) (quoting *Friedland v. Indus. Co.*, 566 F.3d 1203, 1205–06 (10th Cir. 2009) (quoting RESTATEMENT 2D OF TORTS § 920A(2) (1979))).

[6] *See Maldonado v. BNSF Ry. Co.*, No. 1:25-cv-181 KG/KRS, 2026 WL 951250, at *3 (D.N.M. Apr. 8, 2026).

Plaintiff may not be in a position at this time to provide a full recitation of the amount of damages for each damages category identified. But she must provide a full and complete answer based on the information currently available to her. And it is not clear that she has done that. For instance, as to certain matters covered by the Interrogatories, Plaintiff has not provided any response even though she should already have knowledge of at least some of the requested information. In addition, from her objections and the way her responses are worded, the Court cannot tell whether Plaintiff has withheld any presently known information. She therefore must serve Defendant with a supplemental response that provides any missing information currently known to her and certifies that, as supplemented, she has responded fully at this time. Plaintiff is further reminded that the Scheduling Order requires her to supplement her discovery responses within thirty days of her first receiving the information that gives rise to the need to supplement. Accordingly, Plaintiff's objections are overruled, and the Motion is granted as to Interrogatories 13, 18, and 19.

12.    **Interrogatory 14** asks about admissions against interest made by any defendant or defendant employee in connection with the allegations made in the Complaint of which Plaintiff is aware. In addition to boilerplate objections, Plaintiff objects based on attorney work-product and/or attorney-client privilege. To the extent that Interrogatory 14 seeks information about admissions against interest known to Plaintiff's attorneys, the objection is sustained. To the extent that it seeks information about admissions against interest known to Plaintiff, however, the objection is overruled. Accordingly, the Motion is granted in part and denied in part as to Interrogatory 14.

**Requests for Production**

13.    **RFP 6** asks Plaintiff to execute an attached document—"Request for Employment Records." A request seeking the execution of a document is not a request for "production of documents," FED. R. CIV. P. 34. The Court is not aware of any rule that would require a plaintiff

to execute a release form other than a HIPAA form.[7] Furthermore, if Defendant were to request that Plaintiff obtain her personnel records herself, and then produce them to Defendant, RFP 6 is overbroad, because, as written, it does not limit the requested documents to only relevant documents in Plaintiff's personnel records.[8] But in any event, RFP 6 seeks execution of a document, not production of documents, and is denied on that basis. Accordingly, the Motion is denied as to RFP 6.

14.     **RFP 11** seeks copies of Plaintiff's CDL medical long form records, while **RFP 24** seeks documents related to Plaintiff's qualifications under federal or state law to drive, including Plaintiff's driver history file and documents demonstrating compliance with driver laws and regulations. Plaintiff made a number of boilerplate objections to these Interrogatories, and then, in a supplemental response, she stated that she has no responsive documents. The Court finds that Plaintiff's supplemental response is sufficient to fully respond to RFP 11 and RFP 24, provided that she certifies that her supplemental responses to those requests are *not* made subject to her previously stated objections, thereby clarifying that she is not withholding any documents based on those objections. The Court disagrees with Defendant's argument that Plaintiff must obtain the requested documents and produce them to Defendant. In the first place, the requests do not identify the third parties from whom Defendant expects Plaintiff to obtain the documents so that she can produce them to Defendant. Moreover, the Court finds that Defendant can obtain the documents directly from the unidentified third parties by issuing an appropriate subpoena under Federal Rule of Civil Procedure 45. However, because the Court has already overruled Plaintiff's objections, if

---

[7] *See Maldonado v. BNSF Ry. Co.,* No. 1:25-CV-181 KG/KRS, 2026 WL 949013, at *2 (D.N.M. Apr. 8, 2026).

[8] *See id.*, at *4 (quoting *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008) ("personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.").

Defendant seeks the documents in question through a Rule 45 subpoena, Plaintiff may not interpose any objections to the subpoenas. Accordingly, the Motion is denied as to RFP 11 and 24, provided a certification as stated above is provided.

### Conclusion

For the foregoing reasons, Defendant Felher Transportation, Inc.'s Motion To Compel Discovery Responses, **Doc. 38**, is **GRANTED IN PART AND DENIED IN PART** as set forth at the May 13, 2026 motion hearing as well as in this written Order. Plaintiff is directed to serve supplemental responses as set forth in this Order on or before **May 29, 2026**.

The Court also finds that Defendant's motion was largely successful, and therefore **GRANTS** Defendant's request for expenses under Rule 37(a)(5). Defendant is directed to file its fee petition with supporting documentation on or before **May 27, 2026**. Plaintiff shall file her response on or before **June 5, 2026**, and Defendant may file a reply on or before **June 12, 2026**.

IT IS SO ORDERED this 14th day of May, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE