**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LEAH-NINA WRIGHT,

Plaintiff,

v. No. 2:25-cv-00366-JHR-KRS

FELHER TRANSPORTATION, INC.,
*and* FERNANDO MATA,

Defendants.

**MEMORANDUM OPINION AND ORDER**[1]

Before the Court is Defendant Felher Transportation, Inc.'s Motion to Dismiss for Failure to State a Claim and Supporting Memorandum and Breif [sic] (Doc. 13) ("Motion"), filed April 23, 2025. Having considered the parties' submissions, the record, and the relevant law, the Court FINDS that the Motion is well-taken in part and should be GRANTED IN PART and DENIED IN PART as set forth below.

## I. BACKGROUND

Plaintiff Leah-Nina Wright filed her Original Complaint for Personal Injury Damages (Doc. 1-1) ("Complaint") in state court on March 7, 2025. In the Complaint, Plaintiff asserts negligence claims against Defendant Felher Transportation, Inc. ("Defendant Felher") and its driver Defendant Fernando Mata. (*Id.*) In support of these claims, Plaintiff alleges the following. On November 2, 2022, Defendant Mata was trying to park a tractor-trailer in a truck stop parking lot in Deming, New Mexico. (*Id.* at 2.) Plaintiff was walking to her tractor-trailer, which was parked in the same lot. (*Id.*) Defendant Mata was working for Defendant Felher, and Defendant Felher owned the tractor-trailer he was driving. (*Id.*) Defendant Mata "mishandled the tractor-

[1] On April 16, 2025, and May 1, 2025, the parties consented to have the undersigned conduct dispositive proceedings, including motions and trial, and order the entry of final judgment in this matter. (Docs. 11, 12, 15.)

trailer, failed to make a turn wide enough that would enable him to park safely, and crashed into Plaintiff's tractor-trailer." (*Id.*) To avoid being hit, "Plaintiff had to jump out of the way" and was injured. (*Id.* at 2-3.)

Based on these factual allegations, Plaintiff asserts negligence claims against Defendant Mata, alleging that he breached his duty of care to Plaintiff in "one or more" of twenty-nine listed ways.[2] (*Id.* at 3-4.) Plaintiff also asserts negligent hiring, retention, training, supervision and entrustment claims against Defendant Felher, alleging that it breached its duty of care to Plaintiff in "one or more" of twenty-five listed ways.[3] (*Id.* at 5-6; *see also* Doc. 20 at 3.) Plaintiff alleges that Defendants' negligence caused her to suffer "traumatic, debilitating, and permanent bodily injuries." (Doc. 1-1 at 6.) She therefore seeks compensatory damages. (*Id.* at 6-7.) Plaintiff further alleges that Defendants' acts and omissions were in "heedless," "reckless," "conscious" disregard of her rights and safety "so as to constitute gross negligence and/or malice," entitling her to punitive damages. (*Id.* at 7.)

On April 15, 2025, Defendant Mata removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1.) Defendants filed separate answers to Plaintiff's Complaint on April 16, 2025. (Docs. 4, 8.) In their answers, Defendants deny Plaintiff's allegations of wrongdoing, assert affirmative defenses, and seek dismissal of Plaintiff's claims with prejudice. (*Id.*) Among other defenses, Defendant Felher asserts that Plaintiff's Complaint "fails to state a cause of action upon which relief may be granted" and "fails to state a cause of action for punitive damages" against it.

---

[2] There is also a thirtieth item on this list, but it is merely a placeholder, alleging that Defendant Mata committed "[o]ther acts of negligence that may be ascertained in discovery." (Doc. 1-1 at 4.)

[3] There is also a twenty-sixth item on this list, but it is merely a placeholder, alleging that Defendant Felher committed "[o]ther acts of negligence that may be ascertained in discovery." (Doc. 1-1 at 6.)

(Doc. 4 at 5, 7.) Defendant Felher also denies that its acts and omissions proximately caused Plaintiff's injuries. (*Id.* at 6.)

Defendant Felher filed the Motion presently before the Court on April 23, 2025, a week after it answered the Complaint. (Doc. 13.) Defendant brings the Motion under Federal Rule of Civil Procedure 12(b)(6) and seeks dismissal of two portions of Plaintiff's Complaint. (*Id.*) First, Defendant seeks dismissal of Plaintiff's negligent hiring, training, retention, supervision and entrustment claims against it. (*Id.* at 5-11.) Second, Defendant seeks dismissal of Plaintiff's request for an award of punitive damages against it. (*Id.* at 4-5.) Plaintiff filed a response in opposition to the Motion on May 6, 2025, and on May 19, 2025, Defendant filed a reply in support of it. (Docs. 17, 18.)

## II. PRELIMINARY PROCEDURAL ISSUES

As a preliminary matter, the Court must address Plaintiff's request for summary denial of Defendant Felher's Motion on the grounds that Defendant (1) did not try to determine whether Plaintiff opposed the Motion before filing it as required by Local Rule 7.1, and (2) was not entitled to file the Motion under Rule 12(b)(6) because it had already answered the Complaint. (Doc. 17 at 4-6.) The Court will address each of these grounds in turn.

### A. <u>The Court declines to deny Defendant's Motion under Local Rule 7.1</u>.

In relevant part, Local Rule 7.1 provides that a movant "must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence *may be* summarily denied." D.N.M.LR-Civ. 7.1(a) (emphasis added). By its permissive phrasing, Local Rule 7.1(a) confers on the Court the "discretion to reach a motion's merits despite a party's failure to adhere to the rule." *Patrick Indus., Inc. v. Cont'l Cas. Co.*, Civ. No. 25-813, 2026 WL 184536, at *2 (D.N.M. Jan. 23, 2026) (Fashing, J.); *see also, e.g.*, *Merheb v. Jerman*, Civ. No. 15-522, 2016

WL 10671393, at *1 (D.N.M. Jan. 27, 2016) (Vázquez, J.) (reaching merits of motion despite movant's failure to seek nonmovant's concurrence "given the permissive nature of [Local Rule 7.1(a)]").

Here, it is undisputed that Defendant Felher violated Local Rule 7.1(a) because it did not try to determine Plaintiff's position before filing its Motion and because the Motion includes no recitation of a good-faith request for concurrence. (*See generally* Docs. 13, 17, 18.) Nevertheless, it is plain that Plaintiff would not have concurred in the Motion if asked and has suffered no prejudice from Defendant's error. *See Wilson v. Montano*, Civ. No. 11-1021, 2016 WL 7912934, at *1 n.2 (D.N.M. Dec. 20, 2016) (Gonzales, J.) (reaching merits of dispositive motion because plaintiffs would not have concurred in it and were "not prejudiced by [d]efendants' failure to comply with Local Rule 7.1(a)"). Thus, the Court in its discretion declines to summarily deny the Motion under Local Rule 7.1(a).[4]

### B. **<u>The Court construes Defendant's Rule 12(b)(6) Motion as a motion for judgment on the pleadings</u>.**

Plaintiff also argues that the Court should summarily deny Defendant Felher's Motion, which is brought under Rule 12(b)(6), because Defendant filed it after answering the Complaint contrary to Rule 12(b). (Doc. 17 at 5-6; *see* Doc. 13 at 1-2.) Rule 12(b)(6) provides that a party may file a motion to dismiss one or more claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b), such a motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, a party cannot file a motion to dismiss under Rule 12(b)(6) after it has answered the opposing party's complaint. *Id.*

[4] However, Defendant Felher is admonished to comply with the Court's Local Rules, including Local Rule 7.1(a), in future.

Nevertheless, under Rule 12(c), a party can "move for judgment on the pleadings after the pleadings are closed—but early enough not to delay trial," and "a defense of failure to state a claim may be raised through such a motion." *Est. of Stevens ex rel. Collins v. Bd. of Comm'rs of Cnty. of San Juan*, 53 F. Supp. 3d 1368, 1372 (D.N.M. 2014) (Johnson, J.) (citing Fed. R. Civ. P. 12(c), (h)(2)(B)) (quotation marks and brackets omitted). Moreover, motions for judgment on the pleadings that raise failure to state a claim "are functionally equivalent to motions to dismiss and are reviewed under the same standards." *Id.* (citing *Nelson v. State Farm Mut. Auto. Ins. Co.,* 419 F.3d 1117, 1119 (10th Cir. 2005)). Thus, if a defendant files a Rule 12(b)(6) motion after answering the complaint, "the motion should generally be treated as a motion for judgment on the pleadings." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002); *see also Est. of Stevens*, 53 F. Supp. 3d at 1372 ("[C]ourts will routinely convert an untimely motion to dismiss for failure to state a claim into a motion for judgment on the pleadings."); *Brent v. T.G. Baker Trucking Inc.*, Civ. No. 23-1036, 2024 WL 4119911, at *2 (D.N.M. Sept. 9, 2024) (Gonzales, J.) (construing Rule 12(b)(6) motion as motion for judgment on the pleadings where defendants filed motion after answering complaint).

Here, Defendant Felher filed its Rule 12(b)(6) Motion a week after both Defendants answered the Complaint. (Docs. 4, 8, 13.) As such, the Motion was untimely under Rule 12(b). Fed. R. Civ. P. 12(b). However, the Motion would have been timely under Rule 12(c) because it was filed after the pleadings were closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). In addition, the substance of the Motion would have been proper under Rule 12(c), because Rule 12(h)(2)(B) provides that a party may raise failure to state a claim in a Rule 12(c) motion. Fed. R. Civ. P. 12(h)(2)(B). And as just discussed, the standard of review would have been the same whether the Motion was brought under Rule 12(b)(6) or Rule 12(c). *Nelson*, 419 F.3d at 1119.

In these circumstances, denying Defendant's fully-briefed Motion because it was brought under Rule 12(b)(6) would likely cause additional expense and delay without accomplishing anything useful. In all likelihood, Defendant would simply re-file the same substantive motion under Rule 12(c).[5] The Court will therefore construe Defendant's Motion as a motion for judgment on the pleadings and resolve it on its merits. *See* Fed. R. Civ. P. 1 (providing that Federal Rules of Civil Procedure "should be construed … to secure the just, speedy, and inexpensive determination of every action").

## III. LEGAL STANDARDS

As noted in Section II.B., courts apply Rule 12(b)(6) standards when reviewing a Rule 12(c) motion that raises failure to state a claim. *Nelson,* 419 F.3d at 1119; *Swepi, LP v. Mora Cnty., N.M.*, 81 F. Supp. 3d 1075, 1124, 1146 (D.N.M. 2015) (Browning, J.); *Luman v. Balbach Transp. Inc.*, Civ. No. 20-200, 2020 WL 6392765, at *2 (D.N.M. Nov. 2, 2020) (Johnson, J.). Federal Rule of Civil Procedure 8, in turn, sets forth general pleading rules and thus informs Rule 12(b)(6) standards. Fed. R. Civ. P. 8; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks and ellipses omitted). This pleading standard "does not require detailed factual allegations," but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). Rather, the factual allegations in a complaint "must be enough to raise a right to relief

[5] A Rule 12(c) motion filed at this juncture would still be timely because the Court has not yet set a trial in this matter. Fed. R. Civ. P. 12(c).

above the speculative level." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1234 (10th Cir. 2020).

Accordingly, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Walker v. Mohiuddin*, 947 F.3d 1244, 1248-49 (10th Cir. 2020). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Walker*, 947 F.3d at 1249. But if the allegations in a complaint "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation marks omitted).

In assessing whether a claim is facially plausible, courts "accept[] as true all well-pleaded factual allegations in a complaint and view[] these allegations in the light most favorable to the plaintiff." *Walker*, 947 F.3d at 1249. However, "[c]onclusory allegations are not entitled to the assumption of truth." *Brooks*, 985 F.3d at 1281 (quotation marks omitted). Courts "disregard conclusory statements and look to the remaining factual allegations to see whether [the plaintiff has] stated a plausible claim." *Id.*; *see also Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) ("[The court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.").

The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins*, 519 F.3d at 1248; *see also Twombly*, 550 U.S. at 555 & n.3; Fed. R. Civ. P. 8(a). The necessary degree of specificity "depends

on context." *Robbins*, 519 F.3d at 1248. For example, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Id.* But in a more complex case involving both individual and entity defendants, the complaint should make clear "*who* is alleged to have done *what* to *whom*" to provide each defendant with fair notice of the claims against it. *Id.* at 1250 (emphases in original).

## IV. ANALYSIS

As noted in Section I., in its Motion Defendant Felher seeks dismissal of Plaintiff's: (1) negligent hiring, retention, training, supervision and entrustment claims against it; and (2) request for an award of punitive damages against it.[6] (Doc. 13.) The Court will address each of Defendant's requests for dismissal in turn.

### A. The Court will dismiss Plaintiff's negligent hiring, retention, training, supervision and entrustment claims against Defendant Felher.

Defendant Felher first argues that the Court should dismiss Plaintiff's negligent hiring, retention, training, supervision and entrustment claims – *i.e.*, her direct negligence claims – against it because her allegations in support of these claims do not satisfy federal pleading standards. (Doc. 13 at 5-7.) Rather, according to Defendant, Plaintiff's Complaint "merely asserts conclusory, formulaic allegations" of improper hiring, retention, training, supervision and entrustment "without any factual support." (*Id.*) Defendant points to other decisions from this District in which courts have dismissed direct negligence claims against defendant trucking companies for failure to state a claim. (*Id.* at 7-11.)

---

[6] In its Motion, Defendant Felher does not seek dismissal of any of Plaintiff's claims or damage requests against Defendant Mata. (Doc. 13.) As such, the Court does not consider the viability of those claims and requests in this Memorandum Opinion and Order.

Plaintiff responds that she has pled sufficient facts to support her direct negligence claims against Defendant Felher because this is "an ordinary negligence case" and she "is not required to allege extensive factual allegations in order to state a claim." (Doc. 17 at 8-12.) She further contends that the cases on which Defendant relies are inapposite. (*Id.*) Alternatively, Plaintiff requests leave to amend her Complaint if necessary to include additional factual allegations against Defendant Felher. (*Id.* at 12.)

In its reply, Defendant Felher asserts that the only nonconclusory facts Plaintiff has alleged to support her direct negligence claims against it are that Defendant Mata "was employed by Defendant Felher" and "failed to make a turn wide enough that would enable him to park safely." (Doc. 18 at 4.) Defendant argues that these factual allegations are inadequate because they do not support the "reasonable inference … that [it] negligently hired, trained, retained, entrusted and supervised Defendant Mata" under New Mexico law.[7] (*Id.* at 4-7.)

To determine whether Plaintiff has alleged sufficient facts to state a direct negligence claim against Defendant Felher, the Court must first review the elements of the claims she has asserted. In general, to establish a negligence claim under New Mexico law, a plaintiff must show "the existence of a duty from a defendant to [the] plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Herrera v. Quality Pontiac,* 2003-NMSC-018, ¶ 6, 134 N.M. 43, 47-48, *abrogated on other grounds by Rodriguez v. Del Sol Shopping Ctr. Assocs., L.P.*, 2014-NMSC-014, 326 P.3d 465; *Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 2007-NMCA-122, ¶ 27, 142 N.M. 583, 593.

[7] As the parties recognize, in this diversity case, the Court must apply federal procedural law and state substantive law. *Amparan v. Lake Powell Car Rental Cos.,* 882 F.3d 943, 947 (10th Cir. 2018); *Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1145 (10th Cir. 2003); (*see generally* Docs. 13, 17, 18.)

More particularly, New Mexico law recognizes that if an employee harms a third party, the employer may be liable for the harm if it was caused by the employer's "negligence in selecting, training, retaining, supervising, or otherwise controlling" the employee. *McCormack v. Caddell*, Civ. No. 25-677, 2025 WL 3268704, at *2 (D.N.M. Nov. 24, 2025) (Wormuth, J.); *Lessard*, 2007-NMCA-122, ¶ 28, 142 N.M. at 593. The elements of this type of claim are that the employer: (1) knew or should have known that hiring or retaining the employee or failing to adequately train or supervise him would create an unreasonable risk of injury to a group that includes the plaintiff; (2) the employer failed to use ordinary care in hiring, retaining, training or supervising the employee; and (3) the employer's negligence in hiring, retaining, training or supervising the employee proximately caused the plaintiff's injury. NMRA, Civ. UJI 13-1647; *see also, e.g., Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 36, 135 N.M. 539, 554, *as corrected* (June 9, 2004) (noting that to establish negligent supervision or retention claim, plaintiff must show that "the employer knew or reasonably should have known that some harm might be caused by the acts or omissions of the employee"); *Lessard*, 2007-NMCA-122, ¶ 28, 142 N.M. at 593 ("Negligence in hiring or retention is based on the employer's negligent acts or omissions in hiring or retaining an employee when the employer knows or should know, through the exercise of reasonable care, that the employee is incompetent or unfit.").

New Mexico law also recognizes a cause of action for negligent entrustment of a motor vehicle. *Amparan v. Lake Powell Car Rental Cos.*, 882 F.3d 943, 948 (10th Cir. 2018) (citing NMRA, Civ. UJI 13-1646); *McCormack*, 2025 WL 3268704, at *3. The elements of this type of claim are that: (1) the defendant owned or controlled the vehicle that caused the plaintiff's injuries; (2) the defendant permitted a third party to operate the vehicle; (3) the defendant knew or should have known that the third party was likely to use the vehicle in such a way as to create an

unreasonable risk of harm to others; (4) the third party was negligent in operating the vehicle; and (5) the third party's negligence was a cause of the plaintiff's injuries. *Amparan*, 882 F.3d at 948; *McCormack*, 2025 WL 3268704, at *3.

Having identified the elements Plaintiff's allegations must support, the Court next considers which of her allegations are factual, nonconclusory and entitled to a presumption of truth, and which are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice." *Iqbal*, 556 U.S. at 678. The Court will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest Defendant Felher is liable for the claims asserted. *Brooks*, 985 F.3d at 1281; *Waller*, 932 F.3d at 1282. "An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement." *Brooks*, 985 F.3d at 1281.

Undisputedly factual and nonconclusory are Plaintiff's allegations that Defendant Mata: (1) was operating a tractor-trailer owned by Defendant Felher; (2) was working for Defendant Felher; (3) failed to exercise due care by executing a turn too narrowly; (4) crashed into Plaintiff's parked tractor-trailer; and (5) thereby caused Plaintiff to sustain injuries. (Doc. 1-1 at 2.) For purposes of the present Motion, the Court assumes these allegations are true.

However, these facts, though they may state a claim against Defendant Mata, are inadequate to state a direct negligence claim against Defendant Felher. As to Defendant Felher, they encompass a wide swath of conduct, much of it innocent, and thus fail to support the reasonable inference that Defendant Felher (1) knew or should have known Defendant Mata was incompetent or unfit or otherwise posed an unreasonable risk of injury to others, (2) failed to use ordinary care in hiring, retaining, training or supervising him or entrusting a vehicle to him, or (3) proximately caused Plaintiff's injuries. *See, e.g., Meija v. Pelamati*, Civ. No. 17-95, 2017 WL

4271408, at *4 (D.N.M. Sept. 25, 2017) (Yarbrough, J.) (stating that court could not draw reasonable inference that employer negligently hired, retained, trained or supervised driver "based only on the fact that he allegedly caused the accident" at issue).

Attempting to supply these missing inferences, Plaintiff also alleges that Defendant Felher was "negligent" in "one or more" of twenty-five listed ways and that "one or more" of these ways proximately caused her injuries.[8] (Doc. 1-1 at 5-6.) Logically, Plaintiff's list breaks down into two discrete groups of allegations. In the first group, which consists of eleven items, Plaintiff broadly alleges that Defendant Felher was negligent and failed to act properly, adequately and reasonably in hiring, retaining, training and supervising Defendant Mata and entrusting a vehicle to him. (*Id.* at 5.) But Plaintiff alleges no underlying facts or factual enhancement to support these inferences. (*Id.*)

For example, Plaintiff alleges that Defendant Felher was "negligen[t]" in "hiring" and "retaining" Defendant Mata but does not allege how it was negligent, such as by hiring Defendant Mata even though it knew he had a prior record of motor vehicle violations.[9] (*Id.*) Likewise, Plaintiff alleges that Defendant Felher failed "to properly educate, instruct, and supervise" Defendant Mata but does not allege how its training or supervision was deficient, such as by failing to teach Defendant Mata how to turn a tractor-trailer safely. (*Id.*) Similarly, Plaintiff alleges that Defendant Felher was negligent in entrusting a motor vehicle to Defendant Mata but includes no underlying facts to support the inference that Defendant Felher knew or should have known Defendant Mata was likely to pose an unreasonable risk of harm to others if entrusted with the

[8] Although Plaintiff is entitled to allege facts on information and belief, *see, e.g., Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 954 (8th Cir. 2023) (collecting cases), her allegation that Defendant Felher was negligent in "one or more" of so many possible ways is troubling, because it strongly suggests that Plaintiff has little to no idea which of these ways may actually be at issue in this case.

[9] The Court emphasizes that this is merely a hypothetical example. Nothing in the pleadings or the parties' briefing suggests that Defendant Mata had a prior record of motor vehicle violations.

vehicle. (*Id.*) Also missing from this first group of allegations are any facts to support a reasonable inference that Defendant Felher's alleged negligence proximately caused Plaintiff's injuries. (*Id.*) In short, the allegations in the first group are conclusory. *Brooks*, 985 F.3d at 1281.

In the second group of allegations, Plaintiff lists fourteen regulations and statutes that she claims Defendant Felher violated.[10] (*Id.* at 5-6.) However, she includes no underlying facts or factual enhancement about the alleged violations. (*Id.*) For example, Plaintiff alleges that Defendant Felher violated Section 392.3 of the Federal Motor Carrier Safety Regulations ("FMCSR"), (*id.* at 5), which provides that

> a motor carrier shall not require or permit a driver to operate a commercial motor vehicle[] while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.

49 C.F.R. § 392.3. But she alleges no facts to suggest how Defendant violated this regulation, such as by requiring Defendant Mata to drive while he was very ill. (Doc. 1-1 at 5.) Plaintiff also alleges that Defendant Felher violated Section 392.6 of the FMCSR, (*id.*), which prohibits motor carriers from requiring or permitting drivers to travel "between points in such period of time as would necessitate" exceeding the speed limit. 49 C.F.R. § 392.6. But again, the Complaint includes no facts to describe how Defendant violated this regulation or how the alleged violation proximately caused the parking-lot accident at issue.[11] Lacking any facts to support the alleged violations, the allegations in the second group are conclusory as well.

---

[10] In her Complaint, Plaintiff does not purport to bring negligence *per se* claims, and in its Motion, Defendant Felher does not seek dismissal of any such claims. (Docs. 1-1, 13.) Thus, the Court does not address negligence *per se* in this Memorandum Opinion and Order. However, even if the Court were to construe Plaintiff's unadorned recitation of regulatory and statutory violations as asserting negligence *per se* claims, these claims would likely be subject to dismissal because the Complaint includes no nonconclusory factual allegations describing how Defendant Felher violated the listed regulations and statutes. *See Luman*, 2020 WL 6392765, at *7 (to state negligence *per se* claim, complaint must give defendant notice of how it is alleged to have violated the statute or regulation at issue).

[11] The other regulations and statutes Plaintiff claims Defendant Felher violated are: (1) 49 C.F.R. §§ 383.51 ("Disqualification of drivers"), 390.3 ("General applicability"), 390.11 ("Motor carrier to require observance of driver

Because they are conclusory, the Court must disregard both of these groups of allegations in assessing whether Plaintiff has stated a plausible direct negligence claim against Defendant Felher. *Brooks*, 985 F.3d at 1281; *Waller*, 932 F.3d at 1282. And as already noted, the remaining, factual allegations in the Complaint simply do not support the reasonable inference that Defendant Felher breached a duty in hiring, retaining, training or supervising Defendant Mata or entrusting a vehicle to him, or that its breach proximately caused Plaintiff's injuries. As such, Plaintiff's direct negligence claims against Defendant Felher must be dismissed for failure to state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 & n.3; *Robbins*, 519 F.3d at 1247-48.

Other courts in this District have reached the same conclusion in analogous cases. *See, e.g.*, *McCormack*, 2025 WL 3268704, at *2-*3; *Brent*, 2024 WL 4119911, at *4; *Luman*, 2020 WL 6392765, at *6, *8; *Heard v. Loughney*, Civ. No. 16-487, 2016 WL 10179246, at *5 (D.N.M. July 14, 2016) (Parker, J.); *cf. Ramon v. Mantilla*, Civ. No. 24-86, 2025 WL 1248902, at *6-*7 (D.N.M. Apr. 29, 2025) (Fouratt, J.) (denying motion to dismiss negligent entrustment claim where plaintiff alleged that trucking company entrusted vehicle to driver who was exhibiting symptoms of Alzheimer's disease); *Linkewitz v. Robert Heath Trucking, Inc.*, Civ. No. 13-420, 2013 WL 12138884, at *5 (D.N.M. Aug. 13, 2013) (Lynch, J.) (denying motion for judgment on pleadings on negligent hiring and retention claims where plaintiff alleged that driver had prior record of motor vehicle violations).

These cases undercut Plaintiff's argument that, because this is "an ordinary negligence case," she need not offer any additional facts to support her direct negligence claims against

---

regulations"), 391.15 ("Disqualification of drivers"), 391.41 ("Physical qualifications for drivers"), 392.2 ("Applicable operating rules"), 395.3 ("Maximum driving time for property-carrying vehicles"), 395.8 ("Driver's record of duty status"), and 396.7 ("Unsafe operations forbidden"); and (2) N.M. Stat. Ann. §§ 65-2A-19 ("Safety requirements for motor vehicles and drivers") and 65-3-7 ("Qualifications of drivers"). (Doc. 1-1 at 5-6.) But as with her allegations regarding 49 C.F.R. §§ 392.3 and 392.6, Plaintiff's bare allegations that Defendant Felher violated these regulations and statutes are deficient because the Complaint includes no underlying facts to suggest how Defendant violated them or how the alleged violations proximately caused Plaintiff's injuries. (*Id.*)

Defendant Felher. (Doc. 17 at 9.) True, as noted in Section III., the Tenth Circuit has stated that "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Robbins*, 519 F.3d at 1248.

However, like the analogous cases cited above, this case is not as simple as the hypothetical negligence action *Robbins* describes, because Plaintiff has not brought this action based on Defendant Mata's conduct alone. Rather, as already discussed at length, she also claims that Defendant Felher negligently hired, retained, trained and supervised Defendant Mata and negligently entrusted a vehicle to him and that these more remote actions were also a proximate cause and cause-in-fact of her injuries. By asserting these additional claims, Plaintiff has increased the factual and legal complexity of the litigation and undertaken to give not only Defendant Mata, but also Defendant Felher, fair notice of the grounds on which her claims rest. Yet Plaintiff's Complaint fails to give Defendant Felher such notice. The Court will therefore grant Defendant Felher's motion to dismiss Plaintiff's negligent hiring, training, supervision, retention and entrustment claims against it.

**B. <u>The Court will not dismiss Plaintiff's request for punitive damages against Defendant Felher</u>.**

In its Motion, Defendant Felher also seeks dismissal of Plaintiff's request for an award of punitive damages against it, arguing that Plaintiff has failed to allege sufficient facts to support the inference that it acted maliciously, willfully, recklessly or wantonly. (Doc. 13 at 4-5.) Defendant points out that "mere negligence or inadvertence is not sufficient to support an award of punitive damages" and contends that Plaintiff has offered only "conclusory assertions" that it acted with the requisite culpable mental state. (*Id.* at 5.)

Plaintiff counters that the Court should not dismiss her request for punitive damages against Defendant Felher because punitive damages are "not an independent cause of action" subject to federal pleading standards. (Doc. 17 at 8.) Rather, Plaintiff asserts, her request for punitive damages is tied to all of the negligence claims in her Complaint, including her claims against Defendant Mata. (*Id.*) In its reply, Defendant disagrees, arguing that Plaintiff has "in fact pled punitive damages as an independent cause of action." (Doc. 18 at 8.) Defendant further maintains that Plaintiff's allegations of gross negligence are legally insufficient to support a punitive damages award. (*Id.* at 8-10.)

Punitive damages are a remedy, not a separate cause of action. *Suttman-Villars v. Argon Med. Devices, Inc.*, 553 F. Supp. 3d 946, 963 (D.N.M. 2021) (Gonzales, J.); *see also Mason v. Texaco, Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991) ("A punitive damage claim is not an independent cause of action."); *Sanchez v. Clayton*, 1994-NMSC-064, ¶ 13, 117 N.M. 761, 767 ("[T]he plaintiff must establish a cause of action before punitive damages can be awarded."). Accordingly, other courts have found that a request for punitive damages "is not the proper subject of a Rule 12(b)(6) motion," which "tests the sufficiency of a claim." *Suttman-Villars*, 553 F. Supp. 3d at 963; *McCormack*, 2025 WL 3268704, at *4; *Merch. Livestock Co. v. Chevron U.S.A, Inc.*, Civ. No. 23-257, 2023 WL 7130513, at *4 (D.N.M. Oct. 30, 2023) (Riggs, J.).

This Court agrees that Plaintiff's request for punitive damages is not a separate cause of action and is thus not the proper subject of a motion raising failure to state a claim. The Court is not persuaded that Plaintiff has "in fact pled punitive damages as an independent cause of action," as Defendant claims. (Doc. 18 at 8.) But even if she had, the mere structure of her pleading cannot change the bedrock legal principle that punitive damages are a remedy.

The Court is dismissing Plaintiff's direct negligence claims against Defendant Felher, and these claims are the most obvious avenue by which Plaintiff might obtain punitive damages against it. But Plaintiff's claims against Defendant Mata remain, and Defendant Felher does not deny that it could be held vicariously liable for Defendant Mata's negligence and, in some circumstances, for punitive damages. *See, e.g., Gutierrez v. Uni Trans, LLC*, Civ. No. 21-73, 2023 WL 5549747, at *8 (D.N.M. Aug. 28, 2023) (Riggs, J.) (noting that under New Mexico law corporation may be held liable for punitive damages for its employee's misconduct if it "authorizes, ratifies, or participates in conduct that warrants punitive damages"); *Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, ¶ 30, 140 N.M. 478, 488, *as revised* (Oct. 11, 2006) (same). Thus, at this stage of the proceedings, there remain negligence claims pursuant to which Plaintiff could, in theory, obtain punitive damages against Defendant Felher. For these reasons, the Court will deny Defendant Felher's motion to dismiss Plaintiff's request for an award of punitive damages against it.

**C. The Court will permit Plaintiff to file a motion to amend her Complaint.**

Finally, the Court must address Plaintiff's alternative request for leave to amend her Complaint.[12] (*See* Doc. 17 at 12.) "Ideally, if it is at all possible that the party against whom [a] dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994). And here, the record does not foreclose the possibility that Plaintiff could amend her Complaint to allege a plausible direct negligence claim against Defendant Felher. Also, Plaintiff

[12] The deadline for Plaintiff to move to amend the pleadings expired on August 1, 2025. (Doc. 27 at 2.) However, Plaintiff filed her response requesting leave to amend on May 6, 2025, before the deadline expired. (Doc. 17.) Thus, the Court construes her request for leave to amend as timely.

was not on notice of the need to comply with federal pleading standards when she filed her Complaint, because she filed it in state court. (Docs. 1, 1-1.)

However, Plaintiff has not made her request for leave to amend by motion, as required by Federal Rule of Civil Procedure 7. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Nor has she submitted a proposed amendment with her request, as required by Local Rule 15.1. D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany [a] motion to amend."). In these circumstances, the Court will not permit Plaintiff to simply file an amended complaint. The Court will, however, allow her to file a motion for leave to amend, in which she may seek leave to amend her Complaint to plausibly assert one or more direct negligence claims against Defendant Felher.

## V. CONCLUSION

For all of the above reasons, Defendant Felher Transportation, Inc.'s Motion to Dismiss for Failure to State a Claim and Supporting Memorandum and Breif [sic] (Doc. 13) is GRANTED IN PART and DENIED IN PART as follows.

1. The Motion is GRANTED in that Plaintiff's negligent hiring, retention, training, supervision and entrustment claims against Defendant Felher are hereby DISMISSED WITHOUT PREJUDICE. No later than **Tuesday, October 20, 2026**, Plaintiff may file an unopposed or opposed motion for leave to amend her Complaint to plausibly assert one or more direct negligence claims against Defendant Felher. The motion to amend, if any, must comply with all applicable procedural rules.
2. The Motion is DENIED in that the Court will not dismiss Plaintiff's request for an award of punitive damages against Defendant Felher at this time.

IT IS SO ORDERED.

HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE